* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. On February 14, 2002, Plaintiff sustained an injury by accident arising out of and in the course of her employment while working for Defendant-Employer. Plaintiff injured her back while lifting and moving tillers and mowers.
3. By I.C. Form 60 dated August 19, 2002, Defendant admitted Plaintiff's right to compensation beginning February 14, 2002. Plaintiff's average weekly wage is $544.47, which yields an applicable compensation rate of $363.00.
4. On June 13, 2002, Plaintiff underwent lumbar surgery performed by neurosurgeon Mark C. Held, M.D.
5. Plaintiff remained out of work until late October 2002, at which time she returned to work for Defendant-Employer.
6. In addition to the deposition transcripts and the exhibits attached thereto, the Parties stipulated into evidence in this matter Stipulated Exhibit 1. Stipulated Exhibit 1 consists of the Parties' pre-trial agreement, the I.C. forms and orders, Plaintiff's medical records, and Plaintiff's wage records from Defendant-Employer.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, Plaintiff was 46 years old and residing in Carteret County, North Carolina. Plaintiff was working full time for Defendant-Employer as of the date of the hearing.
2. On February 14, 2002, Plaintiff sustained an admittedly compensable injury by accident to her low back when she was moving lawn mowers for a customer during the course of and in the scope of her employment with Defendant-Employer. Plaintiff initially came under the care and treatment of Dr. Michael A. Gray, who diagnosed Plaintiff as having a lumbosacral strain.
3. Because Plaintiff continued to have problems with her low back, and was experiencing radicular symptoms such as numbness and tingling in her left foot, Dr. Gray ordered an MRI. The lumbar MRI was performed on March 14, 2002, and revealed a herniated disc at L5-S1 and a central disc bulge at L4-5.
4. Dr. Gray referred Plaintiff to Dr. Held, a neurosurgeon, for further examination and treatment. Dr. Held first saw Plaintiff on April 17, 2002. At this appointment, Plaintiff complained of vaginal numbness and tingling in her left labia in addition to her low back and lower extremity complaints.
5. Dr. Held ordered a lumbar myelogram and CT scan. These diagnostic tests corroborated the findings on the MRI. Due to her ongoing symptoms, Dr. Held performed a left L5-S1 partial hemilaminectomy, medial facetectomy, foraminotomy, and diskectomy on June 13, 2002.
6. Following the surgery, Plaintiff underwent a course of outpatient rehabilitation. Plaintiff obtained excellent improvement in her lower extremity pain following the surgery. However, she did continue to complain of some numbness along the lateral aspect of the foot and along the left vaginal region.
7. Post-operatively, Plaintiff underwent a functional capacity evaluation (FCE) that indicated she was capable of returning to work with lifting up to 75 pounds occasionally. On October 25, 2002, Dr. Held released Plaintiff to return to work within the guidelines of the FCE, to begin part-time with gradually increasing hours. Plaintiff returned to work for Defendant-Employer under the lifting and hourly restrictions of Dr. Held on or about October 26, 2002.
8. Upon referral by Dr. Held, Plaintiff was examined by Dr. Tellis, a physical medicine physician, on October 17, 2002. Plaintiff reported to Dr. Tellis that she no longer had low back or left leg pain, but that she continued to have some numbness in her vaginal area with inability to have an orgasm, and numbness in the fourth and fifth left toes.
9. Dr. Tellis did a physical examination, and a vaginal examination on Plaintiff. According to the physical examination, Plaintiff had a normal gait, good lumbar range of motion, and intact sensation in her lower extremities.
10. According to the vaginal examination performed by Dr. Tellis, Plaintiff subjectively reported that she had intact sensation in the peroneal area but some decreased sensation in her vaginal vault area. Dr. Tellis testified that he could not confirm Plaintiff's reports of inability to orgasm, and that the reports of numbness by Plaintiff are subjective in nature and cannot be objectively measured.
11. Dr. Tellis assigned a 5% permanent partial impairment rating to Plaintiff's spine as a result of the herniated disc at L5-S1 and an additional 5% rating to Plaintiff's spine due to Plaintiff's report of sexual dysfunction.
12. Continuing through the date of the hearing before the Deputy Commissioner, Plaintiff contended that she maintained feeling in her labia, but that she is numb on the inside of her vagina. Plaintiff testified that she was unable to achieve orgasm, and that she had constant vaginal dryness during sex that she never experienced prior to the injury and the surgery.
13. Prior to the compensable injury by accident, Plaintiff treated for a number of years with her family physician, Dr. Crosswell, and his Physician's Assistant, William Orton. During this previous treatment of Plaintiff, there were several reports of Plaintiff complaining of positional pain with sexual intercourse, and complaints of no sexual drive or desire. Prior to the compensable injury by accident, Plaintiff was treated for these complaints with hormone therapy.
14. Following the compensable injury by accident, Plaintiff did eventually complain to her family physician about the sexual problems that she attributed to the injury or surgery. As a result of Plaintiff's complaints, P.A. Orton referred Plaintiff to a physician specializing in obstetrics gynecology (OB/GYN). As of the date of P.A. Orton's deposition testimony on May 26, 2005, Plaintiff had not yet seen or made an appointment with an OB/GYN to address her purported sexual dysfunction.
15. The Full Commission finds that there is insufficient medical evidence from which to find that an injury to Plaintiff's L5-S1 disc or that a surgical repair of this disc did cause the types of sexual complaints, including numbness and inability to orgasm, with which Plaintiff complains. Dr. Held was unable to testify that an injury to this particular disc would cause the problems with which Plaintiff complains; nor could he testify that the surgery caused Plaintiff's sexual complaints. Dr. Tellis deferred to the opinions of Dr. Held with respect to the causation of Plaintiff's sexual complaints.
16. While there is a Form 25R in this case purportedly signed by Dr. Held awarding Plaintiff a 25% permanent partial impairment rating to her back, Dr. Held did not assign any rating to Plaintiff's back. Instead, Dr. Held deferred to Dr. Tellis, to whom he referred Plaintiff for the assignment of a permanent partial impairment rating. Dr. Held testified that he does not give disability ratings and that he does not know from where the 25% permanent partial impairment rating to Plaintiff's back came.
17. The parties agreed to settle this claim and submitted to the Commission for approval a Form 21 Agreement. The Form 21 was not approved, however, Deputy Commissioner John Schafer set this case for an evidentiary hearing to determine what benefits Plaintiff was entitled to receive and what was the most favorable remedy available to Plaintiff.
18. Based upon a totality of the evidence presented, the appropriate permanent partial impairment rating to Plaintiff's back as a result of her admittedly compensable injury and the resulting surgery is 5%.
19. There is insufficient evidence from which the Full Commission can find by its greater weight that Plaintiff sustained any loss of, or permanent damage to her sexual organs as a result of the injury or surgery.
20. Plaintiff testified that she returned to work with the Defendant-Employer in October 2002, with limited hours and lighter duty and that she later progressed to full-time employment. In October 2002, Plaintiff returned to work as a pricing signage coordinator. In that position, Plaintiff was switched from a salaried-plus employee to that of an hourly employee. Teresa Snyder, Human Resources Manager for Defendant-Employer explained that salaried-plus employees are paid half time for any hours they work over 40 hours per week.
21. After returning to full-time work with Defendant-Employer, Plaintiff has been scheduled to work for 39 or 40 hours a week. She could earn half time for any hours worked over 40 hours per week; however, Plaintiff seldom, if ever, worked overtime. Plaintiff also testified that she no longer has the opportunity to receive bonuses or raises.
22. As of the date of the hearing before the Deputy Commissioner, Plaintiff was employed by Defendant-Employer as a return to manufacturer (RTM) clerk. Plaintiff received a raise for getting this new job.
23. As a result of her admittedly compensable injury by accident to her low back that occurred on February 14, 2002, Plaintiff has received indemnity and medical benefits. Plaintiff remains entitled to additional compensation in the form of either permanent partial disability benefits for the 5% disability rating to her back, or partial disability benefits if her wage-earning capacity is diminished. Plaintiff is permitted to elect the more favorable remedy of these two benefits.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On February 14, 2002, Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with the Defendant-Employment. N.C. Gen. Stat §97-2(6).
2. Plaintiff has received temporary total disability benefits at the weekly compensation rate of $363.00 for the period of time that she was out of work as a result of her compensable back injury. N.C. Gen. Stat. § 97-29.
3. Plaintiff has sustained a 5 % permanent partial impairment to her back as a result of the compensable injury. N.C. Gen. Stat. § 97-31(23).
4. Plaintiff has failed to prove that she sustained a permanent loss of, or serious injury to her sexual organs, as a result of the compensable back injury or resulting surgery. N.C. Gen. Stat. § 97-31(24).
5. When Plaintiff returned to work in October 2002, for the Defendant-Employer, she may have earned reduced wages entitling her to partial disability benefits. N.C. Gen. Stat. § 97-30.
6. Plaintiff has the option of choosing the more favorable remedy between a 5% impairment rating to her back or two-thirds of the difference between her pre-injury average weekly wage and post-injury wages subject to a 300-week limitation from the date of injury. N.C. Gen. Stat. §§ 97-31(23) and 97-30.
7. Defendant is obligated to pay for all of Plaintiff's reasonably required medical treatment resulting from her compensable workplace injury of February 14, 2002, for so long as such treatment is reasonably required to effect a cure, provide relief and/or lessen her disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, Defendant shall pay to Plaintiff compensation for 15 weeks at the rate of $363.00 per week for the 5% rating to her back, or two-thirds of the difference between her pre-injury average weekly wage and post-injury wages for up to 300 weeks from the date of injury, whichever is more favorable. Plaintiff shall make this election within 30 days of the filing of this Opinion and Award.
2. Plaintiff's attorney is entitled to a reasonable attorney's fee of 25% of the compensation awarded herein to Plaintiff in Paragraph 1. Of any lump sum award, Defendant shall deduct one-fourth and pay this amount directly to Plaintiff's counsel. Should Plaintiff elect ongoing benefits in the form of partial disability benefits, Plaintiff's counsel is entitled to one-fourth of any accrued amounts, and thereafter shall be entitled to every fourth compensation check.
3. Defendant shall pay medical expenses incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Defendant shall bear the costs of this proceeding.
This the __ day of May 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER